Brady, J.
The appellant was charged with misconduct- and dishonesty as the trustee under the will of Hanford Smith, and removed. Upon the investigation before the-surrogate, it appeared that proceedings for a final accounting by her had been referred to Mr. Harland, and the petitioners designing to avail themselves of her examination therein as conducive to the success of their application herein, offered the whole of her testimony. To, this objection was taken, and that being overruled, exception was-also taken. Prior to this incident, M. Adams, the stenographer, who had as such attended the reference in part, was examined to show that the transcript exhibited was made from the notes taken of the testimony, but he admitted that there were four or five sessions at which he did not *255 record the evidence, and of their being the 13th of May, 1882. The transcript embraced the testimony given on that day, which was quite extensive, covering upward of ten printed pages of the record herein, and containing many of the impressive facts, incidents and circumstances on which the appellants relied to show the unfitness of the trustee to discharge her duties, if not to establish her alleged misconduct and dishonesty. The proceeding was one of condemnation, and was necessarily dependent' upon competent proof, aided upon such proof only and which should be exacted perhaps in such a procedure with more than usual vigor. It was erroneous, therefore, to receive the statement mentioned for the reason that it was not properly authenticated. M. Adams did not know that the notes from which it was taken were correct, and could not, and did not, state them so to be. It was hearsay at best, therefore, having been copied from notes not produced and said to have been destroyed, and which were taken by another person, whose absence was not accounted for. It may be that they were correctly transcribed, but this does not meet the objection. An admission cannot be proved in this mode. The person to whom it is made must be produced, or some good reason given for his absence, recognized by the rules of evidence as sufficient to warrant the secondary proof. This was not done, and it cannot be said that the appellant was not prejudiced by the admission of the testimony. It seems, on the contrary, to have been effective and properly so. For this reason the decree appealed from must be reversed, but we think, under the circumstances, without costs, as we are not entirely satisfied that the conduct of the appellant in the management of the estate was what it should have been.
Ordered accordingly.
Van Brunt, C. J., and Daniels, J., concur.